UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERCI GARCIA,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al.*<br>Respondents. | Case No. 1:26-cv-04761 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Jerci Garcia is an immigration detainee proceeding with a petition for writ of habeas corpus, in which he contends that his prolonged detention with a bond hearing violates his due process rights under the Fifth Amendment. *See* Dkt. No. 1 at 7–12. For the reasons that follow, the Petition is DENIED without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who previously entered the United States without inspection. ECF No. 10 at 7. In 2014 he was ordered removed to Guatemala, and was successfully removed there two years later. *Id*. at 7, 13–14, 16–17. He re-entered the United States on an unknown date sometime thereafter.

On May 18, 2026, Petitioner allegedly went to the San Francisco ICE ERO Office on his own volition and told officers that "he wanted to be sent back to his home country of Guatemala[.]" *Id*. at 26. Seeing that Petitioner had previously been ordered removed, ICE issued Petitioner a "Notice of Intent/Decision to Reinstate Prior Order" of removal and arrested him that same day. *Id*. at 26, 29. In June 2026, the immigration court found that Petitioner had a credible fear of returning to Guatemala and placed him in withholding-only proceedings. *Id*. at 10.

According to the parties, those proceedings remain ongoing.

## II. DISCUSSION

When a non-citizen re-enters the United States illegally after previously being removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Detention of non-citizens subject to a reinstated order of removal, including when that individual seeks withholding of removal, is governed by 8 U.S.C. § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). Under § 1231(a), when a non-citizen is ordered removed, they shall be removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Detention during this 90-day period is mandatory pursuant to § 1231(a)(2). *See* 8 U.S.C. § 1231(a)(2). However, after the removal period expires, the Government "may" continue to detain certain categories of noncitizens. 8 U.S.C. § 1231(a)(6); *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022). In the context of reinstated removal orders, the 90-day removal period begins to run on the date "when petitioner's prior removal order [is] reinstated." *T.M. v. Warden of the Golden State Annex*, No. 1:26-CV-03789-TLN-CSK, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026).

Here, Petitioner's removal period began on May 18, 2026 when his removal order was reinstated, and expired ninety days later on August 16, 2026. As the removal period has expired, Petitioner's detention is controlled by § 1231(a)(6),which provides for discretionary detention.

The Supreme Court has recognized that § 1231(a)(6) allows detention beyond this 90-day window only for "a period *reasonably necessary* to bring about that [noncitizen]'s removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "The presumptive ceiling for this detention is six months, after which, 'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *1 (E.D. Cal. Aug. 4, 2026) (quoting *Zadvydas*, 533 U.S. at 689).

Petitioner has not met his initial burden under this test. Here, his detention is still within the presumptively reasonable six-month period and is, therefore, not prolonged. *See Dieujuste v. Chestnut*, No. 1:26-CV-06729-TLN-SCR, 2026 WL 2754499, at *2 (E.D. Cal. Sept. 17, 2026) (dismissing habeas petition without prejudice where "petitioner's detention of just over four months is not prolonged"). Further, aside from the fact that he is in withholding-only proceedings, Petitioner has not alleged any facts in support of his prolonged detention claim. On this record, and coupled with the fact that Petitioner's detention is still within the presumptively reasonable period, Petitioner is not entitled to habeas relief at this time.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

VINCE CHHABRIA
United States District Judge